IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Alonzo R. Brinkley, II,                              )<br>                                                            )<br>                              Plaintiff,       )<br>                                                            )<br>vs.                                                       )<br>                                                            )<br>Three Unknown Correctional Officers    )<br>of the South Carolina Department of      )<br>Corrections at Evans Correctional          )<br>Institution,                                           )<br>                                                            )<br>                              Defendants.  )<br>                                                            ) | Civil Action No. 6:07-3626-JFA-WMC<br><br>**O R D E R** |

This matter is before the court on the motion of Willie L. Eagleton, the Warden of the Evans Correctional Institution, to quash a subpoena served upon him seeking any and all employment records pertaining to three unknown employees of the South Carolina Department of Corrections ("SCDC") and commanding him to appear for a deposition. In his complaint, the plaintiff, who is represented by counsel, alleges that certain correctional officers at Evans violated his constitutional rights by physically assaulting him.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The complaint in this case was filed on November 5, 2007. The defendants have not yet been served. The plaintiff recently received an extension of time until May 6, 2008, in which to serve the defendants. Eagleton filed his motion to quash on February 29, 2008. The plaintiff did not file any opposition to the motion.

Pursuant to Federal Rule of Civil Procedure 26(d), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).

Eagleton first contends that because the parties to this action have not yet been established and no Rule 26(f) discovery conference has taken place, it is inappropriate for the plaintiff's counsel to attempt to conduct discovery at this time.  He also argues that the subpoena does not specifically identify the individuals at issue and seeks production of confidential information relating to the employment of multiple individuals within the SCDC.  Eagleton contends that producing the information may compromise the security exercised by the SCDC.  Lastly, Eagleton argues that the plaintiff's counsel had prior knowledge of the identity of the General Counsel for the SCDC, but instead made inappropriate contact with a person represented by counsel by serving the correspondence and subpoena on Eagleton.  Eagleton argues that such contact was in violation of the professional rules of conduct.

Wherefore, based upon the foregoing, Willie Eagleton's motion to quash (doc. 5) is granted.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

March 21, 2008

Greenville, South Carolina

2