IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Alonzo R. Brinkley, II, ) | |
| ) | Civil Action No. 6:07-3626-JFA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Three unknown correctional officers ) | |
| of the South Carolina Department of ) | |
| Corrections at Evans Correctional ) | |
| Institution, Sergeant Samuel Watson, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the motion to dismiss of defendants "Unknown Corrections Officers." The plaintiff, a state prisoner who is represented by counsel, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The plaintiff is currently incarcerated at Tyger River Correctional Institution ("TCI") serving a 20-year sentence for armed robbery. His original complaint was filed November 5, 2007, and named "Three unknown correctional officers of the South Carolina Department of Corrections at Evans Correctional Institution" as defendants. Since the filing of his original complaint, the plaintiff has filed four motions for extension of summons and motions for extension of time to serve the defendants. The court granted the plaintiff's motions on each occasion, including the final extension of a deadline pursuant to the plaintiff's August 7, 2008, motion, extending the time within which the plaintiff had to identify

and serve the defendants to February 6, 2009. On February 2, 2009, the plaintiff filed an amended complaint naming Sergeant Samuel Watson as a defendant and again naming "Three Unknown Correctional Officers with the South Carolina Department of Corrections at Evans Correctional Institution" as defendants.

The plaintiff's amended complaint sets forth claims pursuant to 42 U.S.C. §§ 1983 and 1985, alleging that Sgt. Samuel Watson and two additional unknown correctional officers employed by the South Carolina Department of Corrections ("SCDC") violated his constitutional rights. Specifically, the plaintiff alleges that on November 5, 2004, while he was incarcerated at Evans Correctional Institution ("ECI") and while the Rapid Response Team ("RRT") was exercising control of ECI due to an institutional lockdown, he was assaulted and battered by multiple unidentified members of the RRT. The amended complaint also states alleged state law claims of assault and battery and intentional infliction of emotional distress. On February 24, 2009, the plaintiff subsequently filed a summons and affidavit of summons returned executed as to Sergeant Samuel Watson. The plaintiff failed to identify and/or serve any additional individual defendants with the amended complaint.

Federal Rule of Civil Procedure 4(m) states in part:

If service of the Summons and Complaint is not made upon a Defendant within 120 days after the filing of the Complaint, the Court, upon Motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that Defendant or direct that service be effected within a specified time. . . .

Fed.R.Civ.P. 4(m).

Further, Local Civil Rule 4.01(DSC) provides:

In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within 120 days after filing of the pleading, the party asserting a claim shall advise in writing the court and all parties previously served at the

> expiration of said 120 day period of the identify of the party not served and why service has not been effected.

Local Civil Rule 4.01 (DSC).

I has been nearly 2½ years since the plaintiff filed his original complaint and over a year since he filed his amended complaint. The plaintiff has failed to identify and serve the "Unknown Corrections Officers" defendants after multiple extensions of time. Furthermore, the plaintiff did not file any opposition to the motion to dismiss these defendants, which was filed on October 14, 2009.

Wherefore, based upon the foregoing, this court recommends that the motion to dismiss (doc. 43) be granted without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5).

> s/William M. Catoe
> United States Magistrate Judge

April 13, 2010

Greenville, South Carolina

3