IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Alonzo R. Brinkley, II,<br><br>      Plaintiff,<br><br>vs.<br><br>Sergeant Samuel Wilson,<br><br>      Defendant. | Civil Action No. 6:07-3626-JFA-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the motion for summary judgment of defendant Sergeant Samuel Watson. The plaintiff, a state prisoner who is represented by counsel, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

    The plaintiff is currently incarcerated at Tyger River Correctional Institution ("TCI") serving a 20-year sentence for armed robbery. His original complaint was filed November 5, 2007, and named "Three unknown correctional officers of the South Carolina Department of Corrections at Evans Correctional Institution" as defendants. Since the filing of his original complaint, the plaintiff has filed four motions for extension of summons and motions for extension of time to serve the defendants. The court granted the plaintiff's motions on each occasion, including the final extension of a deadline pursuant to the plaintiff's August 7, 2008, motion, extending the time within which the plaintiff had to identify and serve the defendants to February 6, 2009. On February 2, 2009, the plaintiff filed an

amended complaint naming Sergeant Samuel Watson as a defendant and alleging that Sergeant Watson and two additional unknown correctional officers employed by the South Carolina Department of Corrections ("SCDC") violated his constitutional rights. The amended complaint states that defendant Watson is actually one of the three originally unknown defendants. The amended complaint also alleges state law claims of assault and battery and intentional infliction of emotional distress.

On October 14, 2009, the Unknown Correctional Officers filed a motion to dismiss. The plaintiff filed no opposition to the motion. The Honorable William M. Catoe, then United States Magistrate Judge, recommended on April 13, 2010, that the motion to dismiss be granted. On March 22, 2010, the defendants filed a motion for summary judgment. On May 6, 2010, the Honorable Joseph F. Anderson, Jr., United States District Judge, granted the motion to dismiss of the Unknown Correctional Officers based upon lack of service. Accordingly, defendant Sergeant Watson is the only remaining defendant. The plaintiff, who, as noted above, is represented by counsel, did not respond to the motion for summary judgment.

## FACTS PRESENTED

In November 2004, the plaintiff was an inmate of the SCDC and was incarcerated at Evans Correctional Institution ("ECI") in Marlboro County, South Carolina (pl. dep. 27). For a period of time during late October 2004 and early November 2004, a special unit of SCDC corrections officers known as the Rapid Response Team ("RRT") was in control of ECI pursuant to an institutional "lockdown" process requested by Warden William Eagleton to assist with institutional security and investigate suspicions of contraband being smuggled into the prison facility (Eagleton dep. 15).

The plaintiff's amended complaint alleges that on November 5, 2004, while the RRT was exercising control of ECI, he was assaulted and battered by multiple

2

unidentified members of the RRT. The plaintiff alleges he was verbally assaulted by Sergeant Watson and another officer, the officers sprayed him with mace, he was punched and kicked about his body while on the ground, and then the officers rammed him head-first into a brick wall (amended comp. ¶¶ 11-12). According to the plaintiff's testimony at the initial trial of state law claims brought in a civil action filed in Marlboro County, South Carolina, he received medical attention for injuries allegedly sustained as a result of the incident at issue on two separate occasions on the date of the alleged incident (def. m.s.j., ex. C at 72).

The plaintiff further testified that he sustained a large bump on his head that remained for approximately six months, and he experienced headaches for a period of multiple weeks as the result of the alleged assault (*id.* at 71). The plaintiff denied that he was ever seen by Dr. Patel of ECI for any complaints related to the alleged incident at issue (*id.* at 72). The plaintiff testified that he has no permanent scars or other marks resulting from the alleged assault (*id.* at 95). He also admitted that he never requested to go to medical to be treated for the bump on his head, and he also never requested to be taken to an emergency room for further evaluation (*id.* at 97).

Dr. Patel, a physician at ECI, examined the plaintiff on November 8, 2004, and testified at trial that, during the examination, the plaintiff asked questions about his pre-existing high blood pressure condition and indicated that he was experiencing occasional headaches (def. m.s.j., ex. D at 323-24). Dr. Patel further stated that he did not see any sign of trauma upon examination and that the plaintiff showed no signs or symptoms of assault, nor did the plaintiff make any complaint that he had been assaulted (*id.* at 324). Dr. Patel further testified that the plaintiff's medical records show that the plaintiff suffered only from high blood pressure during the timeframe in question (*id.* at 325-28; *see* def. m.s.j., ex. E, pl. med records).

3

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of

4

the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

The defendant first argues that the plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006), the United States Supreme Court held that the PLRA exhaustion requirement requires proper exhaustion. The Court stated that "[a]dministrative law . . . require[s] proper exhaustion of administrative remedies, 'which means using all steps that the agency holds out, and doing so properly.'" *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 1002)). Failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including Section 1983. *Id.*

The plaintiff failed to exhaust his administrative remedies prior to filing this action. By his own admission, the plaintiff never initiated the grievance process by filing a Step 1 grievance form. He testified at the deposition conducted in connection with his other state law claims as follows:

> Q: When did you first complain about this incident?
> A: I immediately wrote my father and told him about it after it happened.
> Q: You wrote your father?
> A: Yes.

5

> Q: How long after the incident did you do this?
> A: I wrote my father the same day.
> Q: Why didn't you file a grievance?
> A: Because I know it has been my experience dealing with the Department of Corrections that grievances get you nowhere.
> Q: So you did not file a grievance, correct?
> A: No, not concerning this situation.

(Pl. dep. 27). As argued by the defendant, the plaintiff's sworn testimony clearly establishes that (1) he was aware of his right to file a grievance regarding the alleged incident, and (2) he made a conscious decision to not file a grievance. Furthermore, there is no evidence here that prison officials made exhaustion impossible. *See Bacon v. Greene*, C.A. No. 08-7358, 2009 WL 794939, *1 (4th Cir. 2009) (finding that an inmate suit cannot be dismissed for lack of exhaustion where there is a genuine issue as to whether the prison officials made exhaustion impossible).

The plaintiff's claims also fail on the merits. The deposition of defendant Watson was conducted by the plaintiff's counsel on April 13, 2009, at Ridgeland Correctional Institution. Essentially, defendant Watson denies his involvement in any altercation involving inmate Brinkley and does not recall any similar incident with any inmates during the relevant time period at ECI (def. m.s.j., ex. F, Watson dep. 74-75). While defendant Watson admits to being a member of the RRT and participating in the institutional lockdown at ECI during the timeframe in question, the plaintiff has not come forward with any evidence or testimony that defendant Watson was ever involved in any interaction with him at ECI, much less evidence of a verbal altercation or physical altercation with defendant Watson. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party.

Fed.R.Civ.P. 56(e). Here, the only evidence before the court is that the plaintiff failed to exhaust his administrative remedies prior to filing this action and that defendant Watson was not involved in the incident at the heart of this action.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the defendant's motion for summary judgment (doc. 45) be granted.

s/Kevin F. McDonald
United States Magistrate Judge

June 15, 2010

Greenville, South Carolina